# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-315-FDW

| | |
|---|---|
| BILLY JOSEPH EDWARDS, ) | |
| Plaintiff, ) | |
| vs. ) | |
| GRAHAM COUNTY JAIL, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery, (Doc. No. 27), filed on August 23, 2017.

In the underlying action, brought under 42 U.S.C. § 1983, Plaintiff brings claims against various Defendants, alleging that they were deliberately indifferent to his serious medical needs while he was incarcerated as a pre-trial detainee at the Graham County Detention Center. Defendants have filed a summary judgment motion, and that motion is pending before this Court.

In the pending motion to compel, Plaintiff seeks an order from the Court "as may be appropriate" requiring various persons and entities to provide certain "exculpatory/inculpatory evidence" to Plaintiff. (Doc. No. 27 at 1). Specifically, Plaintiff seeks the following discovery: (1) an "investigative report" of North Carolina Prisoner Legal Services, related to the death of another inmate at the Graham County Detention Center; (2) medical records from physicians at Mission Hospital in Asheville, North Carolina, purportedly showing "times of arrival, departures, and doctors' statements of extended injuries due to defendants' delays in initiating treatment"; and (3) records from the Graham County Detention Center showing "radio

1

communications, phone records . . . show[ing] the numerous times and pleas by Plaintiff for assistance for medical treatments consistent with cardiac arrest." Finally, Plaintiff alleges in the motion to compel that defense counsel Andrew Buckner "has obstructed and delayed said proceedings by refusing to release doctors—medical reports, investigation reports, and has even requested this court deny the compilation of the production of these records." (Id. at 3).

The Court will deny the motion for the reasons stated in Defendants' memorandum opposing the motion to compel. First, the motion is untimely. Plaintiff filed the pending motion on August 23, 2017, about three months after Defendants served their responses to Plaintiff's request for production of documents. (Doc. No. 23). Moreover, Plaintiff's motion was filed more than a month after the Court's deadline of July 21, 2017, for the completion of discovery, and several days following the deadline for dispositive motions. (Doc. No. 15). Plaintiff has had ample time to move the Court for relief relating to any dissatisfaction with the adequacy of Defendants' discovery responses before the expiration of the discovery period and the filing of dispositive motions, and failed to do so.[1]

Second, the motion is directed to entities and individuals who are not parties and for which no obligation to produce materials exists. That is, Plaintiff's motion is directed to: (1) North Carolina Prisoner Legal Services, Inc.; (2) "Mission Hospital/Cardio Units Doctor"; (3) "Graham County Jail—Its Sheriff and Records;" and (4) defense counsel. (Doc. No. 27). None of these entities and individuals are parties to this action. Moreover, Defendants state that they

---

[1] Additionally, Defendants note that, in bringing the motion to compel, Plaintiff has also failed to comply with the Court's Pretrial Order and Case Management Plan, which requires a party making a motion to compel discovery to include a statement that the parties have conferred in good faith in an attempt to resolve a discovery dispute and were unable to do so.

2

are not aware of any valid basis for Plaintiff's complaints that North Carolina Prisoner Legal Services, Inc. or "Mission Hospital/Cardio Units Doctor" have failed to comply with any obligation to provide any materials to Plaintiff. The Graham County Detention Center is also not a party this action, and there is no basis for ordering the jail to disclose "radio communications, phone records (in written transcribed form)" showing "numerous times and pleas by plaintiff for assistance for medical treatments consistence with cardiac arrest."[2] (Id. at 2).

Plaintiff also contends that defense counsel "has obstructed and delayed said proceedings by refusing to release doctors—medical reports—investigation reports—and has even requested this Court deny the compellation [sic] of production of these records." (Doc. No. 27 at 3). In response, Defendants assert that Plaintiff has never requested Defendants to produce the materials he alleges defense counsel has refused to produce. Defendants note that, in Plaintiff's only discovery requests propounded on Defendants, titled "Request for Voluntary Production of Documents," he requested the following:

1. At all times material to the Complaint action 1:16-cv-00315, Plaintiff requests the transcribing of jail recordings, said same produced for his records.

2. Any and all notes, communications, records relevant to 1:16-cv-00315 released to his below address and person.

(Doc. No. 30-1: Ex. 1). Defendants note that Plaintiff did not request any "doctors—medical reports" in these requests. (Id.). Defendants further note that they served objections and responses to these requests, and produced responsive documents on May 22, 2017. (Doc. No. 23). Finally, Defendants explain that no medical records were produced because Defendants do not possess such records. Defendants further note that their pending summary judgment motion

---

[2] Defendants further note that Plaintiff has acknowledged that the Graham County jail has no medical staff and Defendants note that the jail, therefore, has no medical records.

is based, in part, on the ground that Plaintiff failed to produce any medical records (or any medical evidence) to support his pending deliberate indifference claim and in response to Defendants' requests for production. (Doc. No. 24-1 at 29, 70-77). As Defendants note, the burden of producing medical evidence supporting his claim rests on Plaintiff, not Defendants.

In sum, for the reasons stated herein and in Defendants' response brief, the Court will deny the motion to compel.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for an Order Compelling Discovery, (Doc. No. 27), is **DENIED**.

Signed: September 12, 2017

Frank D. Whitney
Chief United States District Judge